UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

Civil Action No. 05-229-HRW

ARTHUR R. DANIELS, PLAINTIFF,

v. **MEMORANDUM OPINION AND ORDER**

JO ANNE B. BARNHART
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for a disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed for SSI on December 20, 2002 and again in May 2004. These applications were denied initially and then combined for consideration by an Administrative Law Judge (hereinafter "ALJ"). On March 7, 2005, an administrative hearing was conducted by the ALJ, wherein Plaintiff, accompanied

by counsel, testified (Tr. 58-66). At the hearing, Anthony Michael, a vocational expert (hereinafter "VE"), also testified (Tr. 67-70).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On May 5, 2005, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 19-28).

2

Plaintiff was 39 years old at the time of the hearing decision. He has a GED and past relevant work experience as a kitchen manager, car wash attendant and construction worker.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr.27).

The ALJ then determined, at Step 2, that Plaintiff suffered from back pain, neck pain, dysthymic disorder and alcohol dependence, which he found to be "severe" within the meaning of the Regulations (Tr. 27).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 27). In doing so, the ALJ specifically considered listings 12.04 and 1.00 (Tr. 23).

The ALJ further found that Plaintiff could not return to his past relevant work (Tr. 27) but determined that he has the residual functional capacity ("RFC") to perform the physical exertion and nonexertional requirements of sedentary work with additional limitations including a moderate limitation in his ability to maintain attention and concentration for extended periods, interact appropriately with the general public, respond appropriately to changes in the work setting and to set realistic goals or make plans independently of others. The ALJ found he

3

could understand, remember, and carry out simple tasks, adapt to routine changes, and relate in an adequate manner (Tr. 25).

Based upon this RFC, the ALJ, relying upon testimony of the VE, concluded that the Plaintiff could perform perform various jobs within the sedentary level of work activity (Tr. 26). Such jobs include grater/sorter, assembler, and machine feeder (Tr. 26). The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE. Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on September 22, 2005 (Tr. 9-11).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 9 and 10] and this matter is ripe for decision.

### III. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a

4

conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

At the outset this Court notes, as Defendant did in its brief, that Plaintiff makes no properly developed arguments on appeal. The issues propounded are cursory, at best. "'Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'" *McPherson v. Kelsey*, 125 F.3d 989, 995-996 (6th Cir. 1997), quoting ----. Further, "[i]t is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones.'" *Id.*

5

However, this Court has endeavored to decipher Plaintiff's motion in an effort to distill his arguments on appeal.

It seems that Plaintiff argues that the ALJ should have found Plaintiff to be disabled based upon his attempt to hang himself in September 2003. The impetus for the suicide attempt was a fight Plaintiff had with his girlfriend (Tr. 337). Plaintiff was rescued, however, by neighbors and taken to Kings Daughters' Medical Center in Ashland, Kentucky.

Plaintiff takes issue with the ALJ's statement - "there was a big improvement in [Plaintiff's] condition after only a few hours" (Tr. 220). Yet, the ALJ was merely reiterating what the hospital records show. According to the hospital's records, Plaintff was "quite distraught and depressed initially" but the attending physician saw a "big improvement in the patient after staying just a few hours", so much so that the physician anticipated that Plaintiff was ready to be discharged (Tr. 327). No psychosis or mania was noted, although the physician did remark upon Plaintiff's history of alcohol abuse (Tr. 327). According to the records, the girlfriend came to the hospital and she and Plaintiff reconciled. Thereafter, Plaintiff continued to obtain mental health treatment at Pathways, Inc., as an outpatient. The record shows a conservative treatment regimen.

The Court finds no error in the ALJ's consideration of the September 2003 suicide attempt.

Plaintiff also seems to suggest that the ALJ did not properly consider his broken neck. Yet, in his decision, the ALJ recounts, the injury, which resulted from Plaintiff riding his bicycle while intoxicated (Tr. 20). The ALJ also describes, in detail, the treatment and follow-up care relating to Plaintiff's neck (Tr. 20-21). Indeed, the ALJ determined Plaintiff's neck pain to be "severe". As such, the Court is unclear as to what, exactly, Plaintiff finds erroneous in this regard.

Finally, Plaintiff argues that the ALJ improperly relied upon the opinions of non-examining, state agency physicians. Again, Plaintiff fails to develop his argument. Further, Social Security Rulings 96-5p and 96-6p permit the consideration of non-examining, state appointed physicians as medical experts. The weight given to their opinions is governed by 20 C.F.R. § 404.1527. Moreover, it is clear that the ALJ reviewed all the medical evidence of record, as he refers to the same throughout his decision.

Having reviewed the ALJ's decision, as well as the record, the Court finds no error in the ALJ's consideration of the medical evidence, from non-examining as well as treating sources.

7

## III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This  21  day of August, 2006.

Henry R. Wilhoit, Jr., Senior Judge